```
Jordan L. Lurie  (130013)
jlurie@weisslurie.com
Zev B. Zysman  (176805)
zzysman@weisslurie.com
```
**WEISS & LURIE**
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
T: 310.208.2800
F: 310.209.2348

Patrice Bishop (182256)
Timothy Burke (181866)
service@ssbla.com
**STULL, STULL & BRODY**
10940 Wilshire Boulevard
Suite 2350
Los Angeles, CA 90024
T: 310.209.2468
F: 310.209.2087

*Attorneys for Movant and
Proposed Co-Lead Counsel*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROJWOL SHRESTHA, on Behalf of Himself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANADIAN SOLAR, INC., SHAWN QU and ARTHUR CHIEN,<br><br>Defendants. | CASE NO.  10-02702 JF<br><br>**CLASS ACTION**<br><br>**GEORGE STRUM'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND THE APPROVAL OF HIS SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:  September 17, 2010<br>Time: 9:00 a.m.<br>Ctrm: 3, 5th Floor<br>Judge: *Honorable Jeremy Fogel* |

George Strum's Notice of Motion and Motion for Appointment as
Lead Plaintiff and the Approval of his Selection of Lead Counsel

Case No. 10-02702 JF

1   PLEASE TAKE NOTICE that on September 17, 2010, at 9:00 a.m., or as soon
2   thereafter as the matter may be heard, before the Honorable Jeremy Fogel, Courtroom
3   3, 5th Floor, 280 South 1st Street, San Jose, California, George Strum ("Strum" or
4   "Movant"), will, and hereby does, move this Court for an Order in the form annexed
5   hereto: (i) appointing Movant as Lead Plaintiff in this action pursuant to §27(a)(3)(B)
6   of the Securities Act of 1933 (the "Securities Act") and §21D(a)(3)(B) of the
7   Securities Exchange Act of 1934 (the "Exchange Act"); and (ii) approving Movant's
8   selection of the law firms of Weiss & Lurie and Stull, Stull & Brody to serve as Co-
9   Lead Counsel pursuant to 15 U.S.C. §78u-4(a)(3(B)(v); and (iii) granting such other
10  and further relief as the Court may deem just and proper.

11  This motion is made on the grounds that Movant is the "most adequate
12  plaintiff" pursuant to the Securities Act and the Exchange Act. *See* 15 U.S.C. § 77z-1
13  (a) (3)(B); 15 U.S.C. §78u-4(a)(3)(B). In addition, Movant meets the requirements of
14  Fed. R. Civ. P. 23(a) because his claims are typical of the class members' claims and
15  because he will fairly and adequately represent the class. Further, Movant has
16  selected and retained counsel with substantial experience in prosecuting securities
17  fraud class actions to serve as Co-Lead Counsel.

18  This motion is based upon this Notice of Motion, the Memorandum of Points
19  and Authorities in support thereof and the Declaration of Zev B. Zysman in support
20  thereof filed concurrently, the pleadings and files herein and such other written or
21  oral argument as may be presented to the Court.

22
23  Dated: August 2, 2010                     Jordan L. Lurie
                                              Zev B. Zysman
                                              **WEISS & LURIE**
24
25                                    By:      /s/ Zev B. Zysman
                                                  Zev B. Zysman
26                                            10940 Wilshire Boulevard
                                              Suite 2300
27                                            Los Angeles, CA 90024
                                              Tel:  (310) 208-2800
28                                            Fax:  (310) 209-2348

1

George Strum's Notice of Motion and Motion for Appointment as
Lead Plaintiff and the Approval of his Selection of Lead Counsel                Case No. 10-02702 JF

Patrice Bishop
Timothy Burke
**STULL, STULL & BRODY**
10940 Wilshire Boulevard
Suite 2350
Los Angeles, CA 90024
Tel: (310) 209-2468
Fax: (310) 209-2087

Joseph H. Weiss
Joshua M. Rubin
**WEISS & LURIE**
551 Fifth Avenue
New York, NY 10176
Tel: (212) 682-3025
Fax: (212) 682-3010

*Attorneys for Movant and
Proposed Co-Lead Counsel*

2

George Strum's Notice of Motion and Motion for Appointment as
Lead Plaintiff and the Approval of his Selection of Lead Counsel

Case No. 10-02702 JF

# **TABLE OF CONTENTS**

Page No(s)

INTRODUCTION ................................................... 1

PROCEDURAL BACKGROUND ......................................... 1

STATEMENT OF FACTS .............................................. 2

ARGUMENT ....................................................... 6

    POINT I - MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ..... 6

    A.    The Procedure Required By The PSLRA ......................... 6

    B.    Movant Satisfies The "Lead Plaintiff" Requirements Of
        The PSLRA ................................................ 7

        1.    Movant Has Complied With The PSLRA
            And Should Be Appointed Lead Plaintiff .................. 7

        2.    Movant Has The Largest Financial Interest
            In The Relief Sought By The Class ........................ 8

        3.    Movant Otherwise Satisfies Rule 23 ...................... 8

    POINT II - THE COURT SHOULD APPROVE MOVANT'S
             CHOICE OF COUNSEL ............................. 11

V.    CONCLUSION .......................................... 12

i

# **TABLE OF AUTHORITIES**

Page No(s)

**CASES**

*Apple v. LJ International, Inc.*,
2008 U.S. Dist. LEXIS 12618 (C.D. Cal. Feb. 8, 2008) . . . . . . . . . . . . . . . . 9, 10, 11

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Cohen v. District Court*,
586 F.3d 703 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Fischler v. Amsouth Bancorporation*,
1997 U.S. Dist. LEXIS 2875 (M.D. Fla. Feb. 6, 1997) . . . . . . . . . . . . . . . . . . . . . 9

*Garfinkel v. Memory Metals, Inc.*,
695 F. Supp. 1397 (D. Conn. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Greebel v. FTP Software*,
939 F. Supp. 57 (D. Mass. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lax v. First Merchants Acceptance Corp.*,
1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) . . . . . . . . . . . . . . . . . . . 7, 9

*Lax v. First Merchants*,
1997 U.S. Dist. LEXIS 11866 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**STATUTES**

15 U.S.C.
   § 77z-1 (a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
   § 77z-1 (a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

15 U.S.C.
   § 78u-4(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
   § 78u-4(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

ii

George Strum's Notice of Motion and Motion for Appointment as
Lead Plaintiff and the Approval of his Selection of Lead Counsel                    Case No. 10-02702 JF

Proposed Lead Plaintiff George Strum ("Movant") hereby respectfully submits this memorandum of law in support of his motion for: (i) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (ii) approval of Movant's selection of Weiss & Lurie and Stull, Stull & Brody as Co-Lead Counsel for the plaintiff Class.

## INTRODUCTION

This is a class action brought on behalf of shareholders who purchased Canadian Solar, Inc. ("Canadian Solar" or the "Company") common stock between May 26, 2009 and June 1, 2010 (the "Class Period")[1], as well as all stock traceable to the Company's October 22, 2009 follow-on public offering. The Class is seeking to pursue remedies under Rule 10b-5 and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") as well as the strict liability provisions of the Securities Act of 1933 (the "Securities Act") 15 U.S.C. §§ 77k, 77l and 77o, which provide liability for securities sold pursuant to a false and misleading Registration Statement and/or Prospectus.

Movant has suffered significant damages as a result of Defendants' misconduct. Movant now seeks to be appointed as Lead Plaintiff. Additionally, Movant seeks Court approval of his selection of Weiss & Lurie and Stull, Stull & Brody as Co-Lead Counsel for the plaintiff Class. As discussed below, Movant has satisfied each of the requirements of the PSLRA and, therefore, is qualified for appointment as Lead Plaintiff.

---

[1] The many complaints filed in related litigation in the Southern District of New York assert multiple Class Periods. For the purpose of this motion, Movant applies for appointment as Lead Plaintiff for the broadest Class Period alleged.

1

George Strum's Notice of Motion and Motion for Appointment as
Lead Plaintiff and the Approval of his Selection of Lead Counsel                    Case No. 10-02702 JF

## PROCEDURAL BACKGROUND

On or about June 3, 2010 the first action, captioned <u>Janbay v. Canadian Solar International, Inc., et al.</u>, Case No. 10-cv-4430, was filed against Canadian Solar and various defendants in the Southern District of New York. On June 3, 2010, later that day, notice of the pendency of the <u>Janbay</u> action was published on <u>BusinessWire</u>, advising members of the class of their right to move the Court to serve as lead plaintiff no later than sixty (60) days from the date of publication of the Notice, <u>i.e.</u>, by August 2, 2010. Subsequently, five additional related actions were filed in the Southern District of New York,[2] and this case was filed in the Northern District of California. Pursuant to the Private Securities Litigation Reform Act, Movant submits this memorandum of law in support of his motion for appointment as Lead Plaintiff and approval of his selection of counsel.

## STATEMENT OF FACTS

Canadian Solar is one of the world's largest solar module producers and designs, manufactures and sells solar module products that convert sunlight into electricity for a variety of uses. The Company's products include a range of standard solar modules for use in a wide range of residential, commercial, and industrial solar power generation systems.

---

[2] The captions for the five additional Southern District cases, in chronological order, are: <u>Yu v. Canadian Solar, Inc., et al.</u>, Case No. 10-cv-4562; <u>Zhang v. Canadian Solar, Inc., et al.</u>, Case No. 10-cv-4578; <u>Saber v. Canadian Solar, Inc., et al.</u>, Case No. 10-cv-4706; <u>Pederson v. Canadian Solar, Inc., et al.</u>, Case No. 10-cv-5091; and <u>Lenda et al. v. Canadian Solar Inc., et al.</u>, Case No. 10-cv-5434. Movant has already filed a motion for appointment of lead plaintiff in the Southern District of New York. Although Movant believes that the Southern District of New York is the proper venue for these actions, in an abundance of caution, Movant has also filed this motion.

2

1   On May 26, 2009, the Company issued a press release announcing its financial
2 results for the first quarter ended March 31, 2009.  The Company reported net
3 revenues of $49.5 million, compared to $171.2 million in the first quarter of 2008.
4 The Company also reported a net loss of $4.8 million, or $0.13 per diluted share,
5 compared to net income of $18.6 million, or $0.57 per diluted share in the first quarter
6 of 2008.  In commenting on these results, Defendant Qu stressed the Company's
7 "prudent financial management" and "positive long-term view."  He touted the
8 Company's "conservative shipment strategy" and further stated "[w]e have started to
9 see success in our strategy as demonstrated by our increased sales into a few non-
10 traditional markets such as Korea and China."

11  On June 8, 2009, the Company filed its annual report on a Form 20-F for the
12 year ended December 31, 2008 with the SEC, which was signed by defendant Qu.
13 The Form 20-F represented that sales are recorded when products are delivered and
14 "title has passed to customers."  It further stated that "The Company only recognizes
15 revenues when prices to the seller are fixed or determinable, and collectibility is
16 reasonably assured. . . .  Sales agreements typically contain the customary product
17 warranties but do not contain any post-shipment obligations nor any return or credit
18 provisions."

19  On August 6, 2009, the Company issued a press release announcing its
20 financial results for the second quarter ended June 30, 2009.  The Company reported
21 net revenues of $114.2 million and net income of $17.7 million, compared to $212.6
22 million and $12.1 million, respectively, in the same period of the prior year.
23 Defendant Qu commented on the results, stating, in relevant part:

24 > Our second quarter revenue came in well ahead of expectations as we
> benefitted from robust customer orders around the world.  We are glad
25 > that we took a conservative financial management strategy in Q4 of 2008
> and Q1 this year, including prudent inventory measures and cash
26 > management, which allowed us to compete in Q2 with low materials and
> financing costs.  These advantages, combined with our competitive
27 > processing costs and lean operating structure, resulted in a significant

28

3

improvement in our gross margin and net margin, and position us for success in future quarters. We have noticed that many customers and their financing banks choose Canadian Solar products due to our competitive prices, product quality and strength of our balance sheet. Our flexible vertical integration business model, reputation for high-quality and our solid customer relationships allow us not only to compete, but also to gain market share in a tough economic environment.

On October 14, 2009, the Company filed a Form 6-K with the SEC, which in addition to representing that the Company's financial statements were presented in accordance with Generally Accepted Accounting Principles ("GAAP"), once again represented that the Company's only "record[s] sales of modules and silicon material when products are delivered and title has passed to the customers. We only recognize revenues when prices to the seller are fixed or determinable, and collectibility is reasonably assured. Revenues also include reimbursements of shipping and handling costs of products sold to customers. Sales agreements typically contain customary product warranties but do not contain any post-shipment obligations nor any return or credit provisions."

On October 22, 2009, the Company announced the completion of a follow-on public offering of its common stock. In total, the Company sold 6.9 million shares of common stock at a public offering price of $15.75 per share, including 900,000 shares purchased by the underwriters in connection with their exercise, in full, of their option to purchase additional shares in connection with the offering. The Company received total net proceeds of approximately $103.3 million.

On November 17, 2009, the Company issued a press release announcing its financial results for the third quarter ended September 30, 2009. The Company reported net revenues of $213.1 million and net income of $25.3 million for the third quarter, compared to and $252.4 million and $11.1 million, respectively, for the third quarter of 2008. Moreover, the Company reiterated its "fourth quarter 2009 guidance of shipments of approximately 128 MW to 138 MW, with gross margin expected to

4

George Strum's Notice of Motion and Motion for Appointment as
Lead Plaintiff and the Approval of his Selection of Lead Counsel                                    Case No. 10-02702 JF

1  be in the high-teens on a percentage basis. We expect shipments of approximately
2  295 MW to 305 MW for the full year 2009."
3      On March 3, 2010, the Company issued a press release announcing its financial
4  results for the fourth quarter and year ended December 31, 2009. The Company
5  reported net revenues of $287.0 million and net income of $14.9 million, compared to
6  net revenues of $68.8 and net loss of $49.2 million, respectively, for the fourth quarter
7  of 2008. For the full year 2009, net revenues were $663.8 million and net income was
8  $53.1 million, compared to $705.0 million and a net loss of $7.5 million, respectively,
9  for the prior year. Qu commented on the results, stating, that the fourth quarter 2009
10 was "a record for both our quarterly revenue and shipments. The rapid quarterly
11 shipment and revenue increase we achieved is due to our world-wide market share
12 growth and improving cost structure. We delivered products to more than 300
13 customers in seven core country markets and 18 secondary markets."
14     On June 1, 2010, after the market closed, Canadian Solar shocked the market,
15 disclosing for the first time that it was delaying "the release of its full financial results
16 for the first quarter ended March 31, 2010, as a result of the commencement of an
17 investigation by the Audit Committee of the Company's Board of Directors."
18 Specifically, the investigation was launched after the Company received a subpoena
19 from the SEC "requesting documents from the Company relating to, among other
20 things, certain sales transactions in 2009." In addition, the Company also disclosed
21 that 4Q09 and full year 2009 net revenues might be revised downward "due to the
22 company's intention to recognize sales only after receiving full cash payments from
23 certain customers and due to certain subsequent return of goods after the quarter end."
24     As a result, following the Company's disclosures, Canadian Solar stock
25 dropped to a low of $9.25 and closed down $1.69 to close at $10.17 - a drop of more
26 than 14% - on extremely heavy volume of over 8.5 million, an increase of 287% from
27 the prior day's trading.
28

5

Throughout the Class period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (i) that the Company's financial results were overstated as the Company had recorded revenue from sales for which it had not been paid; (ii) that certain goods had been returned after the end of the fourth quarter of 2009; (iii) that the Company's internal and disclosure controls with respect to its revenue recognition policy were materially deficient; (iv) that as a result of the foregoing, the Company's financial results were not prepared in accordance with GAAP; (v) that the Company lacked adequate internal and financial controls; (vi) that, as a result of the above, the Company's financial statements during the Class Period were materially false and misleading at all relevant times; and (vii) based on the foregoing, defendants lacked a basis for their positive statements about the Company, its prospects and growth.

As a result of Defendants' wrongful acts and omissions, and the steep decline in the share price of Canadian Solar securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

## POINT I

## MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

### A.   The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1).; see also 15 U.S.C. § 77z-1(a)(1) (Securities Act).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a

6

George Strum's Notice of Motion and Motion for Appointment as
Lead Plaintiff and the Approval of his Selection of Lead Counsel                                      Case No. 10-02702 JF

1  motion for appointment as lead plaintiff.  15 U.S.C. § 77z-1(a)(3)(A)(i); 15 U.S.C. §
2  78u-4(a)(3)(A)(i).  Plaintiff in the <u>Janbay</u> action caused notice to be published on
3  <u>BusinessWire</u> on June 3, 2010.³  See Declaration of Zev B. Zysman ("Zysman
4  Decl."), Ex. A.  Within 60 days after publication of the notice, any person or group of
5  persons who are members of the proposed class may apply to the Court to be
6  appointed as lead plaintiff, whether or not they have previously filed a complaint in
7  the action. 15 U.S.C. § 77z-1 (a)(3)(A) and (B); 15 U.S.C. § 78u-4 (a)(3)(A) and (B).
8       Second, the PSLRA provides that within 90 days after publication of the notice,
9  the Court shall consider any motion made by a class member and shall appoint as lead
10 plaintiff the member or members of the class that the Court determines to be most
11 capable of adequately representing the interests of class members.  15 U.S.C. § 77z-1
12 (a)(3)(B); 15 U.S.C. § 78u-4 (a)(3)(B).  In determining the "most adequate plaintiff,"
13 the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that - -
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

21 15 U.S.C. § 78u-4 (a)(3)(B)(iii).  <u>See</u> generally <u>Greebel v. FTP Software</u>, 939 F.
22 Supp. 57, 64 (D. Mass. 1996).
23 //
24

---

25
26   ³ Wire services have consistently been recognized as a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." See <u>Lax v. First Merchants Acceptance Corp.</u>, 1997 U.S. Dist. LEXIS 11866 at *2 (N.D. Ill. Aug. 6, 1997).
27
28

7

**B.  Movant Satisfies The "Lead Plaintiff" Requirements Of The PSLRA**

    **1.  Movant Has Complied With The PSLRA And Should Be Appointed Lead Plaintiff**

The time period in which Class members may move to be appointed lead plaintiff under 15 U.S.C. § 78u-4 (a)(3)(A) and (B) expires on August 2, 2010. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on June 3, 2010), Movant herein timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

Movant is willing to serve as a representative party on behalf of the Class as evidenced by his duly executed certification. See Zysman Decl. Ex. B. In addition, Movant has selected and retained experienced and competent counsel to represent him and the Class. See Zysman Decl. Exs. D and E.

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. § 77z-1 (a) (3)(B) and 15 U.S.C. § 78u-4 (a) (3)(B) and is entitled to have his application for appointment as Lead Plaintiff and his selection of Co-Lead Counsel, as set forth herein, considered and approved by the Court.

    **2.  Movant Has The Largest Financial Interest In The Relief Sought By The Class**

According to 15 U.S.C. § 77z-1 (a) (3)(B) and 15 U.S.C. § 78u-4 (a)(3)(B), the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the class.

During the Class Period, as evidenced by, among other things, the accompanying signed certification, Movant suffered significant damages as a result of Defendants' misconduct. See Jordan Decl., Ex. C.

Moreover, Movant is unaware of any other plaintiff or lead plaintiff applicant who has a larger financial interest in the relief sought. As such, Movant has the greatest financial interest in the relief sought by the class in this litigation. Movant satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff and

8

George Strum's Notice of Motion and Motion for Appointment as
Lead Plaintiff and the Approval of his Selection of Lead Counsel      Case No. 10-02702 JF

1  should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 77z-1 (a) (3)(B) and 15
2  U.S.C. § 78u-4 (a)(3)(B) .

### 3. Movant Otherwise Satisfies Rule 23

According to 15 U.S.C. § 77z-1 (a) (3)(B) and 15 U.S.C. § 78u-4 (a) (3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should focus its inquiry on the typicality and adequacy prongs of Rule 23(a). See Lax v. First Merchants, 1997 U.S. Dist. LEXIS 11866, at *20; Fischler v. Amsouth Bancorporation, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997).

Here, the Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff. The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise out of the same event or course of conduct as do the other class members' claims, and are based on the same legal theories. See Apple v. LJ Int'l, Inc., 2008 U.S. Dist. LEXIS 12618, at *16-*17 (C.D. Cal. Feb. 8, 2008). The threshold typicality and commonality requirements are not high. Rule 23(a) requires only that resolution of the common questions affect all or a substantial number of class members. Id. The questions of law and fact common to the members of the class

9

George Strum's Notice of Motion and Motion for Appointment as
Lead Plaintiff and the Approval of his Selection of Lead Counsel

Case No. 10-02702 JF

1  which predominate over questions which may affect individual class members
2  include, *inter alia*, the following:
3      1.    whether defendants' alleged acts or omissions violated the federal
4  securities laws:
5      2.    whether defendants' public statements during the Class Period
6  misrepresented material facts about the Company;
7      3.    whether defendants knew, had reason to know, or recklessly disregarded
8  that their statements were false and misleading;
9      4.    whether the price of Canadian Solar securities was artificially inflated
10 during the Class Period; and
11     5.    to what extent the members of the class have sustained damages and the
12 proper measure of such damages.
13     There is a well-defined community of interest in the questions of law and fact
14 involved in this case, of which Movant is a part.  Movant, as well as the other
15 members of the class, alleges that defendants violated the Securities Act, Exchange
16 Act and SEC Rule 10b-5 by publicly disseminating materially false and misleading
17 statements, as well as omitting material facts about the Company required to make
18 those statements not misleading, during the Class Period.  As a result of defendants'
19 alleged fraudulent representations and omissions, Movant, and the other members of
20 the Class, purchased Canadian Solar securities at artificially inflated prices and were
21 damaged thereby.  Because the claims asserted by Movant are premised on the same
22 legal and remedial theories and are based on the same types of alleged
23 misrepresentations and omissions as the claims of the Class, typicality is satisfied
24 here.  <u>See</u> 7 Herbert Newberg & Alba Conte, Newberg on Class Actions, §22.24 at
25 107-108 (4th ed. 2002) ("[t]he majority of class action decisions support the view that
26 when it is alleged that the same unlawful conduct was directed at or affected both the
27
28

10

George Strum's Notice of Motion and Motion for Appointment as
Lead Plaintiff and the Approval of his Selection of Lead Counsel

Case No. 10-02702 JF

named plaintiff and the class sought to be represented, the typicality requirement is met").

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class."  The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflicts between the named plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. Garfinkel v. Memory Metals, Inc., 695 F. Supp. 1397, 1405 (D. Conn. 1988).

Here, Movant is the most adequate representative of the Class.  The interests of Movant are clearly aligned with the members of the Class and there is no evidence of any antagonism between Movant's interests and those of the other members of the Class he seeks to represent.  Movant's interests clearly are aligned with those of the other members of the Class and there is no antagonism between his interests and the interests of the other members of the Class.  Movant amply has demonstrated his adequacy as class representative by filing a complaint in this action and by signing a sworn certification affirming his willingness to serve as, and assume the responsibilities of, class representative.  See Zysman Decl., Ex. B.

In addition, as shown below, Movant has selected counsel highly experienced in prosecuting securities class actions to represent himself and the class.  See Zysman Decl., Exs. D and E.  Accordingly, Movant, as well as his counsel, prima facie satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action, and, accordingly, should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).  See Apple, 2008 U.S. Dist. LEXIS 12618, at *17-*18.

11
George Strum's Notice of Motion and Motion for Appointment as
Lead Plaintiff and the Approval of his Selection of Lead Counsel

Case No. 10-02702 JF

# POINT II

## THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. § 77z-1 (a)(3)(B)(v) and 15 U.S.C. § 78u-4 (a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. The court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); see also Cohen v. District Court, 586 F.3d 703, 712 (9th Cir. 2009); Cavanaugh, 306 F.3d at 732-33 n.11 ("the district court must approve the lead plaintiff's choice of counsel, but Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class").

In that regard, Movant has selected Weiss & Lurie and Stull, Stull & Brody to serve as Co-Lead Counsel. Weiss & Lurie and Stull, Stull & Brody have extensive experience in successfully prosecuting shareholder and other class actions, and have frequently appeared in major actions in this and other courts. See Weiss Decl. Exs. D and E. As a result, this Court may be assured that the members of the class will receive the highest caliber of legal representation available.

## CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court grant his request for appointment as Lead Plaintiff and approve his selection of Co-Lead Counsel.

Dated: August 2, 2010

Jordan L. Lurie
Zev B. Zysman
**WEISS & LURIE**

By: /s/ Zev B. Zysman
Zev B. Zysman
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
Tel: (310) 208-2800
Fax: (310) 209-2348

12

George Strum's Notice of Motion and Motion for Appointment as
Lead Plaintiff and the Approval of his Selection of Lead Counsel

Case No. 10-02702 JF

Patrice Bishop
Timothy Burke
**STULL, STULL & BRODY**
10940 Wilshire Boulevard
Suite 2350
Los Angeles, CA 90024
Tel:   (310) 209-2468
Fax:   (310) 209-2087

Joseph H. Weiss
Joshua M. Rubin
**WEISS & LURIE**
551 Fifth Avenue
New York, NY 10176
Tel:   (212) 682-3025
Fax:   (212) 682-3010

*Attorneys for Movant and Proposed Co-Lead Counsel*

13

George Strum's Notice of Motion and Motion for Appointment as
Lead Plaintiff and the Approval of his Selection of Lead Counsel

Case No. 10-02702 JF